```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      NORTHERN DIVISION

SYLVESTER PARKER,                :
                                 :
      Plaintiff,                 :
                                 :
vs.                              :    CIVIL ACTION 11-0683-M
                                 :
MICHAEL J. ASTRUE,               :
Commissioner of Social Security, :
                                 :
      Defendant.                 :
```

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 12). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 18). Oral argument was waived in this action (Doc. 19). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED.**

This Court is not free to reweigh the evidence or

1

substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance."  *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

   At the time of the administrative hearing, Plaintiff was fifty-four years old, had completed two years of college education (Tr. 173), and had previous work experience as a sheet metal fabricator (Tr. 170).  In claiming benefits, Plaintiff alleges disability due to pulmonary embolus, emphysema, and a hearing impairment (Doc. 12 Fact Sheet).

   The Plaintiff filed protective applications for disability benefits and SSI on August 25, 2008 (Tr. 141-47; *see also* Tr. 10).  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although Parker was not capable of performing his past relevant work, he was able to perform other jobs existing in the national economy

(Tr. 10-18). Plaintiff requested review of the hearing decision (Tr. 140) by the Appeals Council, but it was denied (Tr. 1-6).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Parker alleges that: (1) The ALJ did not properly consider his treating physician's opinions; (2) the ALJ improperly determined that his hearing loss was not a severe impairment; (3) the ALJ did not properly consider his testimony; and (4) the ALJ did not apply the pain standard properly (Doc. 12). Defendant has responded to—and denies—these claims (Doc. 13). The relevant evidence of record follows.

On July 7, 2008, Dr. Charles Lett examined Parker at the Vaughan Regional Medical Center and noted that he was not compliant with his medications, smoked regularly, and drank alcohol; a CAT scan showed severe pain and a clot in the left lower lobe with evidence of emphysema (Tr. 200-01; *see generally* Tr. 193-219). Radiologic results from July 8 demonstrated mitral valve prolapse with mild mitral regurgitation, mild tricuspid regurgitation, and mild pulmonary hypertension (Tr. 203-04); an echocardiogram produced the same results, indicating a pulmonary embolism (Tr. 208). A week in the hospital rendered a diagnosis of left pulmonary thromboembolus and emphysema;

3

Plaintiff was advised to stop smoking (Tr. 212).

Records from the Veterans Administration from August 22-29, 2008 show that Parker admitted to drinking six or more drinks and smoking a half-pack of cigarettes daily; he was advised to stop both (Tr. 247-48; 220-49).  Plaintiff complained of intermittent pain in his left chest which was eight on a ten-point scale; he stated that he had been experiencing the pain for a month and that the pain varied from four to nine (Tr. 240).  Tylenol helped relieve the pain (Tr. 241).

A physical residual functional capacity (hereinafter *RFC*) assessment was completed on October 23, 2008 by a non-examining non-physician who found that Parker was capable of lifting and carrying twenty pounds occasionally and ten pounds frequently; it was suggested that Plaintiff could stand or walk for six hours a day as well as sit for six hours a day (Tr. 250-57). The Examiner found that Parker could use either foot or hand controls on an unlimited basis; he would never be able to climb a ladder, rope, or scaffolds.

More records from Dr. Lett show that he was told once again on July 21, 2008 that he must stop smoking (Tr. 266; *see generally* Tr. 258-86).  On December 8, 2008, it was noted that Parker had been drinking before the examination; he was told he

4

must stop drinking and smoking (Tr. 259).

Records from the Central Alabama Veterans Health Care show that, on September 29, 2008, Plaintiff underwent a hearing evaluation during which he reported recurrent bilateral tinnitus; test results revealed a hearing loss that was greater than what would be expected for someone his age (Tr. 320-21; *see generally* Tr. 287-321).  The hearing impairment was considered disabling, but hearing aids were ordered for Parker (Tr. 320). On October 20, Plaintiff complained of left chest pain, rating a seven on a ten-point scale; he was advised to go to the emergency room (Tr. 318-19).  On March 25, 2009, Parker was noted to be non-compliant with his medications (Tr. 313).  On April 22, Plaintiff was seen for complaints of sinus congestion and shortness of breath with limited activity; he was diagnosed with Chronic Obstructive Pulmonary Disease (hereinafter *COPD*) and encouraged to stop smoking (Tr. 310).  On May 13, Parker was seen after he had been spitting up sputum; Plaintiff stated that he smoked three-to-four cigarettes a day (Tr. 308-09).  The doctor's impression was COPD and Bullous Lung Disease for which he was referred to a thoracic surgeon.  A CT scan of the chest revealed extensive bullous emphysema (Tr. 288).  On August 5, 2009, Plaintiff reported that he had not consumed any alcohol in

a year; he also complained of abdominal pain at a level of five on a scale of ten (Tr. 341).  Parker was still smoking four cigarettes a day and was advised to quit; his hypertension was well controlled with a low salt diet (*id.*).  On September 2, Plaintiff admitted that he had skipped some of his medications; he also stated that he drank occasionally (Tr. 334).  On September 23, Plaintiff was advised to quit smoking (Tr. 333); Parker complained of chronic left shoulder pain at a level five (Tr. 331).

At the evidentiary hearing, Plaintiff testified that he was fifty-four years old and has problems with both of his knees; though he has braces, they are not much good (Tr. 27-30). Parker goes to church two-or-three Sundays every month; he also visits with family and likes to cook (Tr. 32-33).  He smokes eight cigarettes a day and has been smoking for thirty years (Tr. 33).  Parker takes medication for his stomach, allergies, and breathing; he also uses an inhaler (Tr. 33-35).  He has no medication side effects.  Plaintiff has chest pain, which feels like gas, sometimes, four times a week; it can last up to three hours (Tr. 35-37).  If he does not take his medication, the pain can be eight on a scale of ten; with medicine, it reaches five (Tr. 37-38).  Over time, the pain has gotten worse (Tr. 38).  He

6

can dress himself, though he has some balance problems; he can bathe himself (Tr. 38-39).  Parker can vacuum a little, but tries not to because of the dust (Tr. 40).  He has a veteran's disability for his legs (Tr. 45); he has worked as a sheet metal fabricator and in the tree-cutting business (Tr. 46-47).  Plaintiff said that he could lift as much as twenty pounds and stand for forty-five minutes; to walk 150 yards, he has to stop and rest twice, taking about thirty minutes because of his breathing (Tr. 48-49).  Parker can sit for forty-five minutes (Tr. 50).  He has problems gripping with his left hand; kneeling, crawling, and climbing a ladder causes problems (Tr. 51-52).  Hot and cold weather cause breathing problems; gas, fumes, odors, and dust cause problems as well (Tr. 53).  Parker has to take ten-to-fifteen minute breaks when he works, does chores around the house, or cooks (Tr. 54-57).  He has been working part-time, working three or four days each week (Tr. 58-59).

    In his decision, the ALJ determined that Parker had the RFC to perform light work except that he could "never climb and he must avoid heat, wetness, fumes, odors, dust, gases, poor ventilation, and dangerous machinery" (Tr. 13).  The ALJ found that Plaintiff's testimony regarding his impairments and

limitations was not credible (Tr. 14).

In bringing this action, Parker alleges that the ALJ did not properly consider his treating physician's opinions. More specifically, Plaintiff asserts that the ALJ "impermissibly found that Mr. Parker's treating physician's silence, regarding his RFC, disqualified him from disability" (Doc. 12, pp. 15-17).

It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[1] *see also* 20 C.F.R. § 404.1527 (2011). The Court further notes *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988), in which the Eleventh Circuit Court of Appeals held that a physician's silence regarding a patient's ability to work did not mean that the patient was capable of performing that work.

In the written decision, the ALJ stated the following:

> The medical evidence clearly
> establishes that claimant has severe
> problems with his lung, but there is nothing
> in the medical evidence that even suggests

---

[1] The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

>that claimant is unable to work.  None of claimant's treating physicians opined as to claimant's ability to work or his residual functional capacity; and based on the evidence in the record, claimant's symptoms improve when he is taking medication.

(Tr. 15).  Later in the opinion, the ALJ stated that "[n]one of claimant's treating physicians stated that he was unable to perform light work, and based on the fact claimant is currently working part-time, I find that claimant has the residual functional capacity to perform light work" (Tr. 16).

The Court is aware of *Lamb* but finds it inapplicable here.  In two different instances, the ALJ stated that Plaintiff's physicians had not given an opinion as to Parker's ability to work (Tr. 15-16).  These are statements of fact.  The ALJ goes on to reach the legal conclusion that Plaintiff was capable of performing a reduced range of light work.  The Court finds substantial evidence for that conclusion in this record.  To the extent that the ALJ has committed error, it is, at most, harmless.

Parker next claims that the ALJ improperly determined that his hearing loss was not a severe impairment (Doc. 12, pp. 13-15).  In *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984), the Eleventh Circuit Court of Appeals held that "[a]n impairment

9

can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience."  *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *Flynn v. Heckler*, 768 F.2d 1273 (11th Cir. 1985); *cf*. 20 C.F.R. § 404.1521(a) (2011).[2]  The Court of Appeals has gone on to say that "[t]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality."  *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).  It is also noted that, under SSR 96-3p, "evidence about the functionally limiting effects of an individual's impairment(s) must be evaluated in order to assess the effect of the impairment(s) on the individual's ability to do basic work activities."

    In his decision, the ALJ determined that Plaintiff had a non-severe impairment, noting that he had been diagnosed to have sensorineural hearing loss (Tr. 13).  The ALJ went on to specifically find that Parker's "hearing loss is greater than

---

[2]"An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."

10

normal and disabling without the use of hearing aids []. While there is evidence that supports the fact that claimant has problems with his hearing, there is no evidence that claimant's hearing problems cause any functional limitations" (Tr. 13).

The Court notes that Plaintiff did not initially claim disability based on a hearing loss (Tr. (Tr. 169); likewise, in a form completed for the Social Security Administration in seeking benefits, Parker did not check hearing as one of his problems, though he did note that he had hearing aids (Tr. 165-66). The Court further notes that Plaintiff made no mention of having a hearing loss at the evidentiary hearing (Tr. 27-59). Finally, the Court notes that there is no evidence that, with the hearing aids, Parker suffers any hearing dysfunction; he has certainly not shown that his hearing limits his ability to function. The Court finds no merit in Plaintiff's claim that the ALJ improperly classified his hearing loss as a non-severe impairment.

Parker next claims that the ALJ did not properly consider his testimony (Doc. 12, pp. 9-13). More specifically, Plaintiff asserts that the "ALJ failed to properly consider Mr. Parker's credibility by impermissibly finding that (1) Mr. Parker's participation in part time work disqualifies him from disability

and (2) Mr. Parker's alleged noncompliance with prescribed treatment disqualified him from disability"[3] (Doc. 12, p. 10).

The Court notes that Plaintiff testified that the last time he was working he "worked 24, 32 hours – I would say it probably averaged about four days a week sometime and three days sometime" (Tr. 59).  The ALJ's remarks regarding this testimony was that Parker was "working part-time (three-to-four days) as a sheet metal shop helper.  Claimant's job duties include greasing machines and picking up scraps of metal (Hearing Testimony).  Claimant's current part-time work is considered light work and thus consistent with his residual functional capacity (Hearing Testimony)" (Tr. 16).  The ALJ went on to find that Plaintiff was able to perform a reduced range of light work.

Parker has argued that his working three-to-four days a week does not indicate that he can work full-time as the ALJ has found.  The Court finds that the ALJ only used the fact that Plaintiff was working three-to-four full days a week as part of the evidence to consider whether he can work.  He ultimately found that Plaintiff could perform a reduced range of light work; Parker does not directly challenge that finding in this

---

[3]The Court is unsure that these sub-claims are true credibility issues; however, as they are raised as such by Plaintiff and defended as such by the Government, the Court will address them here.

action. The Court finds no error in the ALJ's consideration of Plaintiff's testimony that he works part-time.

Parker also challenges the ALJ's considering his "alleged noncompliance with prescribed treatment" as a factor in finding Plaintiff non-credible. The ALJ found that Plaintiff "has been repeatedly advised to quit smoking and drinking because of the negative impact it has on claimant's health and, as of the date of the hearing, claimant has failed to do so" (Tr. 16).

Plaintiff suffers from pulmonary embolus and emphysema. He continues to smoke in spite of being told by every physician that he needs to quit. The Social Security regulations state that "[i]n order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work." 20 C.F.R. 404.1530(a) (2011). The regulation goes on to state that "[i]f you do not follow the prescribed treatment without a good reason, we will not find you disabled or, if you are already receiving benefits, we will stop paying you benefits." 20 C.F.R. § 404.1530(b) (2011); *see also Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988). Parker's claim that the ALJ improperly found him non-credible because of his smoking is without merit.

Finally, Plaintiff asserts that the ALJ did not apply the

13

pain standard properly (Doc. 12, pp. 7-9). The standard by which the Plaintiff's complaints of pain are to be evaluated requires "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). The Eleventh Circuit Court of Appeals has also held that the determination of whether objective medical impairments could reasonably be expected to produce the pain was a factual question to be made by the Secretary and, therefore, "subject only to limited review in the courts to ensure that the finding is supported by substantial evidence." *Hand v. Heckler*, 761 F.2d 1545, 1549 (11th Cir.), *vacated for rehearing en banc*, 774 F.2d 428 (1985), *reinstated sub nom. Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986). Furthermore, the Social Security regulations specifically state the following:

> statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could

> reasonably be expected to produce the pain
> or other symptoms alleged and which, when
> considered with all of the other evidence
> (including statements about the intensity
> and persistence of your pain or other
> symptoms which may reasonably be accepted as
> consistent with the medical signs and
> laboratory findings), would lead to a
> conclusion that you are disabled.

20 C.F.R. 404.1529(a) (2011).

The ALJ correctly referenced the pain standard before determining that Parker's testimony about his pain was not credible (Tr. 13-14). The ALJ specifically noted the following: "Claimant testified that his pain is at a level of seven or eight on a scale of one to ten without medication; however, when he is taking medication that pain level decreases to a four or five (Hearing Testimony; Exhibit B2F)" (Tr. 15).

The Court finds that although Plaintiff has evidence of an underlying medical condition, he has not satisfied either of the other two prongs of the pain analysis. The medical records show that he has never taken anything other than over-the-counter medications for his pain. Furthermore, though the medical evidence demonstrates that Parker has complained of pain on numerous occasions, no doctors have ever confirmed that Plaintiff experiences pain at the intensity and with the persistence alleged. The Court only found one instance where

15

medical records confirmed severe pain (Tr. 201). Plaintiff's claim that the ALJ did not properly consider his complaints of pain is without merit.

Plaintiff has raised four different claims in bringing this action; all are without merit. Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**. Judgment will be entered by separate Order.

DONE this 18th day of July, 2012.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE